UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

H.B., a juvenile,

                                    Plaintiff,

        v.

STATE OF WASHINGTON, *et al*.,

                                    Defendants.

Case No. C18-621-JCC-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

        Plaintiff H.B. is currently confined at the Alameda County Juvenile Justice Center in San Leandro, California.  He has submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed with this action *in forma pauperis*.  (*See* Dkt. 1.)  This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has failed to state a claim upon which relief may be granted.  This Court therefore recommends that plaintiff's application to proceed *in forma pauperis* be denied and that this action be dismissed, without prejudice, under 28 U.S.C. § 1915A(b).

REPORT AND RECOMMENDATION - 1

1

## DISCUSSION

2       Plaintiff identifies three claims for relief in his civil rights complaint.  First, plaintiff asserts

3   that he was beaten by his father and left homeless in Auburn, Washington in 2014, and that the

4   State of Washington failed to provide him housing as it was obligated to do.  (*See* Dkt. 1-1 at 3.)

5   Second, plaintiff asserts that he was abandoned by his father in Arizona in 2015, and that he was

6   thereafter placed in foster care where he was deprived of safety, clothing, and food by the State of

7   Arizona.  (*Id*.)  Third, plaintiff asserts that the Cochise County (Arizona) Superior Court deprived

8   him of safety and due process when it charged and convicted him as an adult for a non-dangerous

9   first-time offense, and when it confined him in an adult jail facility where he was physically and

10  sexually abused by other inmates.  (*Id*.)  Plaintiff identifies the State of Washington, the State of

11  Arizona, and the Cochise County Superior Court as defendants in his complaint, and he requests

12  damages, a declaratory judgment, and an injunction compelling the Cochise County Superior

13  Court to rescind its judgment.  (*See id*. at 1, 4.)

14      In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he

15  suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

16  that the violation was proximately caused by a person acting under color of state or federal law.

17  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the second prong, a

18  plaintiff must allege facts showing how individually named defendants caused, or personally

19  participated in causing, the harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350,

20  1355 (9th Cir. 1981).

21      The United States Supreme Court has made clear that states and state agencies are not

22  "persons" subject to suit under § 1983.  *See Will v. Michigan Department of State Police*, 491 U.S.

23  58 (1989).  Plaintiff's claims against the State of Washington and the State of Arizona are therefore

REPORT AND RECOMMENDATION - 2

clearly barred under *Will*.[1]  Plaintiff's claim against the Cochise County Superior Court is also barred, albeit for a different reason.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a prisoner's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  *Heck*, 512 U.S. at 489.  Plaintiff's claim that he was denied due process in the course of his state court criminal proceedings necessarily calls into question the lawfulness of his conviction in the Cochise County Superior Court.  Nothing in plaintiff's complaint suggests that that conviction has been invalidated in any way and, thus, plaintiff's claim related to that conviction is barred by *Heck*.[2]

## CONCLUSION

When a prisoner files a complaint seeking redress from a governmental entity, and that complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court is required to dismiss the complaint.  *See* 28 U.S.C. § 1915A(b).  Because plaintiff failed to state in his civil rights complaint any claim upon which relief may be granted under § 1983, this Court recommends that plaintiff's application to proceed *in forma pauperis* be denied and that this action be dismissed, without prejudice, under 28 U.S.C. § 1915A(b).

## OBJECTIONS

---

[1]  The Court also notes that plaintiff's claims against the State of Washington appear to be time-barred.  Because plaintiff asserts claims under § 1983, the Washington statute of limitations governing personal injury actions applies.  *See Wilson v. Garcia*, 471 U.S. 261 (1985).  Accordingly, the applicable limitations period is three years.  RCW 4.16.080(2).  Plaintiff indicates that his claim pertaining to the State of Washington occurred on or about November 29, 2014, over three years before this action was filed on April 27, 2018.

[2]  Plaintiff is advised that even if he had alleged a cognizable claim pertaining to his Cochise County conviction, venue would be improper in this district because the harm alleged occurred in the District of Arizona.  *See* 28 U.S.C. § 1391(b)

REPORT AND RECOMMENDATION - 3

1    Objections to this Report and Recommendation, if any, should be filed with the Clerk and

2  served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report

3  and Recommendation is signed.  Failure to file objections within the specified time may affect

4  your right to appeal.  Objections should be noted for consideration on the District Judge's motion

5  calendar for the third Friday after they are filed.  Responses to objections may be filed within

6  **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be

7  ready for consideration by the District Judge on **June 1, 2018**.

8    DATED this <u>10</u><sup>th</sup> day of May, 2018.

9

10

Mary Alice Theiler
United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 4