1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   H.B., a juvenile,                          CASE NO. C18-0621-JCC

10                  Plaintiff,                  ORDER

11          v.

12   STATE OF WASHINGTON, *et al.*,

13                  Defendants.

14

15          This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*

16   ("IFP") (Dkt. No. 1), United States Magistrate Judge Mary Alice Theiler's Report and

17   Recommendation ("R&R") (Dkt. No. 3), and Plaintiff's objections (Dkt. No. 6).

18   **I.      BACKGROUND**

19          Plaintiff alleges claims against the State of Washington, the State of Arizona, and the

20   Colchise County Superior Court under 42 U.S.C. section 1983. (Dkt. No. 1-1.) Judge Theiler

21   recommends Plaintiff's complaint be dismissed pursuant to 28 U.S.C. 1915A(b) for failure to

22   state a claim upon which relief may be granted. (Dkt. No. 3 at 3.) Her Report and

23   Recommendation finds that Plaintiff's claims against Washington and Arizona are not

24   cognizable because states are not subject to suit under section 1983. (*Id*. at 2–3.) Plaintiff objects

25   to this finding, arguing that Arizona and Washington have waived sovereign immunity through

26   legislation. (Dkt. No. 6 at 1.) The parties agree that Plaintiff's claim against the Cochise County

Superior Court is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Dkt. Nos. 3 at 3, 6 at 1.)

## II.  DISCUSSION

### A.  Plaintiff's Objections

The Court reviews the record before it on objections to an R&R *de novo*. 28 U.S.C. § 636(b)(1). The Court need not address whether Washington and Arizona have waived immunity to the class of claims Plaintiff asserts, because his claims fail on other grounds. Plaintiff's claims against the State of Washington are time-barred. As Judge Theiler noted, federal courts addressing section 1983 claims borrow state statutes of limitations for personal injury actions. (Dkt. No. 3 at n. 2); *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Washington's relevant statute of limitations is three years. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). The alleged facts underlying Plaintiff's claim against the State of Washington occurred on or about November 29, 2014, over three years before this action was filed on April 27, 2018. (*See* Dkt. No. 1-1 at 3.) Plaintiff presents no facts that would support equitable tolling of this limitations period. *See Hawkins v. Douglas County*, No. C15-0283-TOR, slip op. at 9 (E.D. Wash. January 28, 2016). Thus his claims against the State of Washington are untimely. Nor are Plaintiff's claims against the State of Arizona properly brought in this Court. Venue is improper because the alleged harm occurred entirely in the District of Arizona. *See* 20 U.S.C. § 1391(b); (Dkt. No. 1-1 at 3). Therefore, the Court ADOPTS Judge Theiler's recommendation to dismiss claims against current Defendants.

### B.  Leave to Amend

In response to Judge Theiler's Report and Recommendation, Plaintiff moves for leave to amend his complaint. (Dkt. No. 6 at 1.) He seeks to substitute the Cochise County Sherriff's Office in place of the Cochise County Superior Court and to add claims against two individual residents of the State of Washington ("the Washington Defendants"), for "depriving [him] of his rights while he lived in the state." (*Id.*)

The Court must grant *pro se* litigants an opportunity to amend prior to dismissal unless it is clear that no amendment can cure the defect. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Substitution of Cochise County Sheriff's Office will not cure the defects in Plaintiff's claims against the Cochise County Superior Court. The proposed new claims arise out of conduct that occurred solely in Arizona, making this Court an improper venue. (*See* Dkt. Nos. 3 at n. 2, 6 at 1.) If Plaintiff's claims against the Washington Defendants turn on the same facts as his claim against the State of Washington, they may also be time-barred. However, Plaintiff's complaint and motion to amend do not clearly indicate the timeline of the harm he alleges. Thus, the Court will liberally construe Plaintiff's filings and grant leave to amend claims related to alleged harm Plaintiff suffered while in Washington. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### III.    CONCLUSION

For the foregoing reasons, the Report and Recommendation is ADOPTED in part. The Court ORDERS as follows:

1.    Plaintiff's claims against the State of Washington, the State of Arizona, and the Cochise County Superior Court are DISMISSED without prejudice.

2.    Plaintiff's current application to proceed *in forma pauperis* is DENIED.

3.    Plaintiff is GRANTED leave to amend his claims related to alleged harm he suffered while in Washington. Plaintiff must file an amended complaint and petition for *in forma pauperis* status within twenty (20) days of the issuance of this order.

The Clerk is directed to send a copy of this order to Plaintiff. The Clerk is also directed to send Plaintiff a copy of Docket Numbers 1, 2, 3, 4, 5, and 6, pursuant to Plaintiff's motion for copies of case filed (Dkt. No. 6), which the Court GRANTS.

//

//

//

///

DATED this 12th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE